**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Criminal Case No. 21-cr-267-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

TREY KEYS,

    Defendant.

## ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS EVIDENCE

The Government charges Defendant Trey Keys with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (ECF No. 1.) This matter is before the Court on Defendant's Motion to Suppress Evidence ("Motion"), filed on December 13, 2021. (ECF No. 14.) The Government responded on December 23, 2021 ("Response") (ECF No. 16), Keys replied on January 21, 2022 ("Reply") (ECF No. 22), and the Government filed a sur-reply on February 2, 2022 (ECF No. 24).

Keys requests a hearing, but a hearing is unnecessary because the Court resolves the matter entirely based on undisputed facts. *See United States v. Chavez-Marquez*, 66 F.3d 259, 261 (10th Cir. 1995).

For the reasons set forth herein, the Motion is denied.

### I. BACKGROUND[1]

On May 27, 2021, state law enforcement officers employed by the Longmont

---

[1] All citations to docketed materials are to the page number in the CM/ECF header,

Police Department set out to arrest Keys on outstanding arrest warrants for felony menacing and second-degree assault with a deadly weapon. (ECF No. 14 at 2.) The officers located Keys in a vehicle parked in the parking lot of Gordo's Red Tacos, located at the intersection of East Rogers Road and Lashley Street in Longmont, Colorado. (*Id.*) The officers pinned the vehicle, using police trucks to block the front and rear of the vehicle, and they ordered Keys and a passenger out of the vehicle. (*Id.*; ECF No. 16 at 1.) Both complied and were arrested and taken away from the vehicle. (ECF No. 14 at 2.)

Keys was questioned in the back of a police vehicle. (*Id.*) After waving his *Miranda* rights, Keys admitted to smoking marijuana that day and having a small quantity of marijuana in a container in the vehicle. (*Id.*) Without obtaining a search warrant, the officers searched Keys' vehicle and found a firearm under the driver's seat. (ECF No. 16 at 3.) They also found drug paraphernalia and a locked box which contained loose ammunition, a glass pipe, and a debit card in Keys' name. (*Id.*; ECF No. 14 at 2.)

The officers did not impound the vehicle; instead, they coordinated with the owner of the vehicle, Keys' girlfriend, who arrived at the parking lot and took possession of the vehicle. (ECF No. 14 at 3.)

Keys is charged with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). (ECF No. 1.) In his Motion, Keys asks the Court to suppress all evidence acquired by the Government as a result of the search of the vehicle. (ECF

---

which sometimes differs from a document's internal pagination. This factual summary is taken from the parties' briefs and supporting exhibits.

No. 14.)

## II. LEGAL STANDARD

The Fourth Amendment to the U.S. Constitution protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." However, "[t]he Amendment says nothing about suppressing evidence obtained in violation of this command. That rule—the exclusionary rule—is a prudential doctrine created by [the Supreme] Court to compel respect for the constitutional guaranty." *Davis v. United States*, 564 U.S. 229, 236 (2011) (internal citations and quotation marks omitted). Under the exclusionary rule, a defendant may move for suppression of evidence obtained in violation of the Fourth Amendment. *Id.*

On a motion to suppress evidence derived from a warrantless search, the defendant bears the burden of presenting a *prima facie* case that the Fourth Amendment has been "implicated," at which point the burden shifts to the Government to prove "that its warrantless actions were justified (*i.e.*, as a lawful investigatory stop, or under some other exception to the warrant requirement)." *United States v. Carhee*, 27 F.3d 1493, 1496 (10th Cir. 1994); *see also id.* at n.1–2 (citing authorities).

## III. ANALYSIS

It is undisputed that the Fourth Amendment is implicated here and that the officers searched Keys' vehicle without a warrant. Thus, the Government bears the burden of showing that the officers' warrantless search was justified. In its Response, the Government relies on three exceptions to the warrant requirement: (1) the automobile exception; (2) the protective sweep exception; and (3) the community caretaking exception. (ECF No. 16 at 3–11.)

**A.     Automobile Exception**

The automobile exception to the warrant requirement permits law enforcement officers who have probable cause to believe a vehicle contains contraband to search the vehicle without first obtaining a search warrant.  *United States v. Chavez*, 534 F.3d 1338 (10th Cir. 2008) (citing *California v. Carney,* 471 U.S. 386, 392 (1985)).  "Probable cause to search a vehicle is established if, under the totality of the circumstances, there is a fair probability that the car contains contraband or evidence."  *Id.* at 1344.  The standard is an objective one, and it is based on the "facts available" to the officer.  *Florida v. Harris*, 568 U.S. 237, 243 (2013).[2]

The Government argues that the officers had probable cause to believe the vehicle contained evidence of violations of federal law and state law.  (ECF No. 16 at 3–9.)  Since the Court ultimately concludes that there was probable cause under federal law, it does not find it necessary to consider whether there was also probable cause under state law.

Marijuana is a controlled substance under federal law, and possession of marijuana is a federal crime.  *See* 21 U.S.C. § 844(a) ("It shall be unlawful for any person knowingly or intentionally to possess a controlled substance . . ."); 21 U.S.C. § 812(c), Sched. I(c)(10) (listing marijuana as a Schedule 1 controlled substance).

The Government argues that the officers had probable cause to search the vehicle because, before the search occurred, Keys had admitted to them that there was

---

[2] But a search is permitted only in the parts of the vehicle where the officers could reasonably expect to find the contraband.  *See United States v. Ross*, 456 U.S. 798, 824 (1982) ("The scope of a warrantless search of an automobile . . . is defined by the object of the search and the places in which there is probable cause to believe that it may be found.").

4

"wax"—a common term for marijuana concentrate—in the vehicle. (ECF No. 16 at 4.) Keys does not dispute that he voluntarily told the officers that there was a small amount of marijuana in the vehicle. (ECF No. 14 at 2.) Instead, he argues that Colorado's legalization of the possession of marijuana negates probable cause for state law enforcement officers to search a vehicle based on knowledge that the vehicle contains a small amount of marijuana. (*Id.* at 7–8.) Thus, the core question before the Court is whether a Colorado state law enforcement officer can search a vehicle based on probable cause of a federal marijuana crime.

The Tenth Circuit addressed a similar set of circumstances in *United States v. Turner*, 553 F.3d 1337 (10th Cir. 2009), and found that local officers had not violated the Fourth Amendment. Turner was being surveilled by local officers in Colorado because they suspected him of drug trafficking. *Id.* at 1341. The officers knew that Turner had previously been convicted of a felony. *Id.* While the officers followed him, Turner drove to a parking lot and waited for five minutes in his vehicle. *Id.* An individual entered the vehicle with a white plastic bag and exited the vehicle five minutes later without the bag. *Id.* The officers followed Turner after he exited the parking lot and observed him commit several traffic violations; they also learned that his driver's license was suspended. *Id.* When Turner parked and exited his vehicle, the officers arrested him and searched his vehicle for the white plastic bag. *Id.* The bag did not contain drugs, but it did contain a box of firearm ammunition. *Id.* Under Colorado law, it is not a crime for a felon to possess ammunition, but under federal law, it is. *Id.* at 1346. One of the officers called federal authorities who told him that they would file a federal complaint against Turner for possession of the ammunition, then the officers seized the bag of ammunition as

5

evidence of a federal crime and took Turner to a local jail to await the federal charge. *Id.* at 1341.

Turner argued that once the officers searched the bag and found no drugs, they no longer had probable cause to continue the arrest or to seize the white plastic bag and its contents. *Id.* at 1344. He argued that, at that point, the only crime for which the officers had probable cause was that of being a felon in possession of ammunition, which is a federal but not state law violation, and that the local police department did not possess authority to arrest him or seize evidence for that offense. *Id.* at 1345.

The Tenth Circuit disagreed, explaining that *Virginia v. Moore*, 553 U.S. 164 (2008), "makes clear that if officers have probable cause to believe that a crime has been committed in their presence, they may arrest and search incident to that arrest without violating the Fourth Amendment, even if such police action is not authorized by state law." *Id.* at 1346 (citing *Moore*, 553 U.S. at 177 (holding that police officers did not violate the Fourth Amendment by arresting motorist whom they had probable cause to believe had violated the law by driving with suspended license, even though, as matter of state law, this misdemeanor offense was one for which officers should have issued summons rather than made arrest)). Thus, the lawfulness of possession of ammunition by a felon under Colorado law was not relevant to the analysis.

Here, the conduct at issue—possession of marijuana—is a federal but not a state law violation just like the possession of ammunition at issue in *Turner*. Thus, the Government argues, *Turner* applies, probable cause of a violation of federal law justified the search, and the fact that possession of marijuana is legal in Colorado is irrelevant. (ECF No. 16 at 6–7.)

In his Reply, Keys argues that the holding in *Turner* only applies to arrests, seizures, and searches incident to arrests; thus, *Turner* does not apply here because the search of Keys' vehicle was not incident to his arrest. (ECF No. 22 at 1–4.)

Essentially, Keys urges the Court to engage in a different probable cause analysis in the context of warrantless vehicle searches than it would in the context of arrests, seizures, and searches incident to arrest. However, Keys offers no case law in support of such a tenuous distinction. And, much to the contrary, the Tenth Circuit has stated that "[w]hether reviewing a search or an arrest, the same probable-cause standard applies." *Hinkle v. Beckham Cnty. Bd. of Cnty. Comm'rs*, 962 F.3d 1204, 1221 n.10 (10th Cir. 2020). Thus, the Courts finds that the reasoning in *Turner* applies to the vehicle search at issue in this case.

Additionally, Keys argues that unlike the officers in *Turner*, here, the officers use federal law as a *post hoc* justification for a search that was actually based on state law. (ECF No. 14 at 8.) The Court finds this argument unpersuasive because it is well-established that subjective intentions play no role in the Fourth Amendment probable cause analysis. *Whren v. United States*, 517 U.S. 806, 813 (1996).

In conclusion, the Court is not persuaded by Keys' attempt to limit the reasoning of *Turner* to its facts. To the contrary, the Court finds that *Turner* provides clear guidance. Here, just like in *Turner*, local officers had probable cause based on conduct that is a federal but not a state law violation. Moreover, the officers had authority to investigate a violation of federal law. *United States v. Vasquez-Alvarez*, 176 F.3d 1294, 1295 (10th Cir. 1999) (acknowledging a "preexisting general authority of state or local police officers to investigate and make arrests for violations of federal law."). And since

7

Keys told the officers that there was marijuana in the vehicle, the officers clearly had probable cause that the vehicle contained evidence of a violation of federal law. *Chavez*, 534 F.3d at 1344 (officers have probable cause when "there is a fair probability that the car contains contraband or evidence"). Therefore, the warrantless search was justified, and Keys' Fourth Amendment rights were not violated.[3]

## B.     The Government's Arguments in the Alternative

The Government also argues that the search of Keys' vehicle was reasonable under: (1) the automobile exception based on probable cause that the vehicle contained evidence of a violation of state law; (2) the protective sweep exception; and (3) the community caretaking exception. (ECF No. 16 at 3–11.)

---

[3] In support of his position, Keys cites a non-binding opinion from a court in the Northern District of California, *United States v. Talley*, 467 F. Supp. 3d 832 (N.D. Cal. 2020). In *Talley*, local officers pulled the defendant over for a traffic violation. 467 F. Supp. 3d at 833. In the vehicle's center console, the officer observed a closed, clear plastic tube containing what appeared to be marijuana. *Id.* at 834. The officers performed a vehicle search "which uncovered a firearm wedged between the driver's seat and center console, as well as ammunition and several cell phones." *Id.*

The court granted a motion to suppress the evidence obtained as a result of the search because the defendant's "use of a closed plastic container to transport less than 28.5 grams of marijuana was legal under California law and could not provide officers with probable cause to search" his vehicle. *Id.* at 836. Further, the district court held that federal marijuana law did not provide an alternative basis for probable cause where state officers were investigating a potential state law violation. *Id.* at 837. The court explained that California's marijuana legalization scheme specifically stated that "no conduct deemed lawful by this section shall constitute the basis for detention, search, or arrest.'" *Id.* (citing Cal. Health & Saf. Code § 11362.1(c)). The Court reasoned, "to permit this end-run around California's legalization scheme would grant state law enforcement officers *carte blanche* to disregard the Fourth Amendment rights of large numbers of California residents engaging in activity the state has deemed lawful." *Id.*

Here, unlike the defendant in *Talley*, Keys does not point to any Colorado law specifically prohibiting officers from making searches and seizures based on probable cause of a violation of federal laws prohibiting marijuana possession. Additionally, the Court disagrees with the reasoning of *Talley* insofar as it relies on the subjective intent of the officers. *See Whren*, 517 U.S. at 813. Thus, the Court does not find *Talley* persuasive, and the Court bases its decision on the principles and reasoning laid out by the Supreme Court and the Tenth Circuit, as discussed above.

Since the Court finds that the warrantless search was justified for the reasons discussed in section III.A, above, the Court need not consider the Government's alternate arguments.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS that Keys' Motion to Suppress Evidence (ECF No. 14) is DENIED. The Court will reset the jury trial, Final Trial Preparation Conference, and related deadlines by way of separate Order.

Dated this 4th day of April, 2022.

BY THE COURT:

_____
William J. Martinez
United States District Judge