**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Criminal Case No. 21-cr-267-WJM

UNITED STATES OF AMERICA,

     Plaintiff,

v.

1.     TREY KEYS,

     Defendant.

---

**ORDER DENYING DEFENDANT'S MOTION FOR DEDUCTION
OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)
AND AMENDMENT 821 AND REQUEST FOR COUNSEL**

---

This matter is before the Court on Defendant Trey Keys's *pro se* Motion for Deduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to Federal Sentencing Guidelines, Based on U.S.S.G. § 4A1.1(d) and (e) and Request for Counsel ("Motion") (ECF No. 48).  The Government filed a response (ECF No. 52). Keys did not file a reply.  For the following reasons, the Motion is denied.

## I.     BACKGROUND

On December 29, 2022, the Court sentenced Keys to 52 months in prison after he pleaded guilty to one count of Possession of a Firearm and Ammunition by a Prohibited Person.  (ECF No. 48 at 1; ECF No. 46.)  In his presentence investigation report ("PIR"), which the Court adopted without change (ECF No. 47 at 1), Keys was assessed 20 criminal history points.  (ECF No. 52 at 1; *see also* ECF No. 43 at 34.)

Two of those points included "status points" assessed because Keys was serving a criminal justice sentence at the time he committed the instant offense.  (*Id.*)

Keys seeks a sentence reduction in accordance with Amendment 821's changes to the assessment of status points.  (ECF No. 48 at 1); *see also* U.S.S.G. § 4A1.1 (2023 ed.).  Keys also asks the Court to appoint him counsel to assist him with this Motion. (ECF No. 48 at 4–5.)

## II.    APPLICABLE LAW

### A.    Status Points

Pursuant to 18 U.S.C. § 3582(c)(2), a court may modify the sentence

> of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 944(o), upon motion of the defendant or the Director of the Bureau of Prisons ["BOP"], or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In relevant part, U.S.S.G. § 1B1.10 directs that a defendant is not entitled to a sentence reduction under § 3582(c)(2)—*i.e.,* a reduction is *not* constituent with applicable policy statements issued by the Sentencing Commission—if a covered amendment "does not have the effect of lowering the defendant's applicable guideline range."  U.S.S.G. § 1B1.10(a)(2).

Previously, the Sentencing Guidelines mandated that two points (colloquially referred to as "status points") should be added to a defendant's criminal history score "if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape

2

status." U.S.S.G. § 4A1.1(d) (2021 ed.). Amendment 821, however, made it such that "status points" should only be assigned to defendants who are first assessed seven or more criminal history points under §§ 4A1.1(a)–(d). § U.S.S.G. § 4A1.1(d) (2023 ed.) If a defendant meets the seven-point threshold, they should then be assessed just *one* "status point" if they were under a criminal justice sentence during any part of the instant offense. U.S.S.G. § 4A1.1(e), cmt. 5.

## B.    Appointment of Counsel

A criminal defendant has no constitutional right to appointment of counsel beyond his direct appeal. *United States v. Campos,* 630 F. App'x 813, 816 (10th Cir. 2015). Thus, "[n]o right to counsel extends to a § 3582(c) motion." *Id.* "Nonetheless, a federal district court has discretion to appoint counsel to assist a [d]efendant's pursuit of a § 3582 motion." *United States v. Lynn,* 2024 WL 4298766, at *1 (D. Kan. Sept. 26, 2024) (citing *United States v. Olden,* 296 F. App'x 671, 674 (10th Cir. 2008)).

## III.    ANALYSIS

The retroactive application of Amendment 821 does not result in a sentence reduction for Keys. Subtracting the two status points he was assessed in his PIR in accordance with the prior iteration of U.S.S.G. § 4A1.1(d), Keys would still be left with 18 criminal history points. (ECF No. 52 at 1, 3-4; *see also* ECF No. 43 at 34.) Current § 4A1.1 instructs that just *one* status point should be added to the criminal history score of a defendant who, separately, has at least seven criminal history points, resulting in a total criminal history score of 19 for Keys. U.S.S.G. § 4A1.1(e).

A criminal history score of 19 places Keys within the same guideline range as originally determined at sentencing—63 to 78 months. (ECF No. 47 at 1); U.S.S.G. Ch.

3

5 Pt. A.[1]  Thus, the retroactive application of Amendment 821 would not result in a reduction of Keys's sentence.  *See* U.S.S.G. § 1B1.10(a)(2).  For the same reason, the Court also concludes Keys has not demonstrated a compelling reason for the appointment of counsel at this juncture and will deny his request for same.  *Cf. Lynn,* 2024 WL 4298766, at *1.

## IV.    CONCLUSION

For the foregoing reasons, the Court DENIES the Motion.

Dated this 4th day of November, 2024.

BY THE COURT:

William J. Martínez
United States District Judge

---

[1] Notably, the Court already imposed a downward variance below the guideline range when Keys was initially sentenced.  (ECF No. 43 at 3.)